**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

JAMES MCCLAIN,

Plaintiff

v.

SANDRA WALKER, et al.,

Defendants

Case No.: 3:24-cv-00458-ART-CSD

**Order**

Re: ECF No. 37

Plaintiff has filed a motion for appointment of counsel. (ECF No. 37.)

"[A] person [generally] has no right to counsel in civil actions." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (citing *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981)). 28 U.S.C. § 1915(e)(1), however, does allow the court to "request an attorney to represent any person unable to afford counsel." That being said, the appointment of counsel in a civil case is within the court's discretion and is only allowed in "exceptional cases." *See Palmer*, 560 F.3d at 970 (citations omitted); *see also Harrington v. Scribner,* 785 F.3d 1299, 1309 (9th Cir. 2015).

In "determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Palmer*, 560 F.3d at 970 (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)); *see also Cano v. Taylor,* 739 F.3d 1213, 1218 (9th Cir. 2015). "Neither of these considerations is dispositive and instead must be viewed together." *Id.* (citing *Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir. 1986)); *see also Terrell v. Brewer*, 935 F.3d 1015, 1017 (9th Cir. 1991) (citation omitted).

Plaintiff states that he will need counsel because he believes staff members who will be called as witnesses and Plaintiff intends to call expert witnesses, and as such, he will not be able to cross-examine the witnesses.

Plaintiff has not demonstrated a likelihood of success on the merits. Nor does the court find he is unable to articulate his claims or that his claims are unduly complex. The fact that Plaintiff may wish to call an expert witness does not impact his ability to cross-examine defense witnesses. Moreover, this matter must proceed beyond summary judgment before the issue of cross-examining witnesses is even at issue. Therefore, in an exercise of discretion, the court denies Plaintiff's motion for appointment of counsel at this time.

**CONCLUSION**

Plaintiff's motion for appointment of counsel (ECF No. 37) is **DENIED**.

**IT IS SO ORDERED**.

Dated: September 22, 2026

Craig S. Denney
United States Magistrate Judge